UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTONIO VALLIN BRIDGES,

     Petitioner,    Case No. 1:21-cv-678

v.           Hon. Phillip J. Green

MICHIGAN PAROLE BOARD, et al.,

     Respondents.

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.   Petitioner has consented to the conduct of all proceedings in this case, including entry of a final judgment and all post-judgment motions, by a United States Magistrate Judge.  (ECF No. 5.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436–

37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it duplicates the petition filed by Petitioner just one month ago in *Bridges v. Rewerts*, No. 1:21-cv-558 (W.D. Mich.). That petition was dismissed as unexhausted and is presently on appeal to the Sixth Circuit Court of Appeals. Indeed, one week after Petitioner filed his notice of appeal in that case, Petitioner filed the instant petition that simply reiterates the claims he raised previously. Accordingly, the instant petition is properly dismissed as duplicative and frivolous.

Petitioner has also filed a motion for release on bond (ECF No. 6) pending resolution of his petition. For the same reasons the petition is properly dismissed, Petitioner's motion is properly denied.

## Discussion

Petitioner Antonio Vallin Bridges is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. On December 1, 2015, in the Ingham County Circuit Court, Petitioner pleaded guilty to three counts of false pretenses – $1,000.00 or more but less than $20,000, in violation of Mich. Comp. Laws § 750.218(4)(a), and admitted to being a habitual offender - third offense, Mich. Comp. Laws § 769.11. *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.) (Plea Tr., ECF No. 21-2, PageID.123–128.)[1] At the sentencing hearing held on December 16, 2015, the trial

---

[1] The present petition is Petitioner's seventh petition challenging the fact or duration of the sentences imposed for the false-pretenses charges. Petitioner is not particularly forthcoming in his submissions in any single case; however, upon reading Petitioner's filings in all of the cases, one can put together a fairly complete

2

court sentenced Petitioner to concurrent sentences of 2 ½ to ten years with 138 days of credit.  *Bridges I* (Sentencing Tr., ECF No. 21-3, PageID.150–151).

*Bridges, I*, *Bridges II*, and *Bridges III* each attacked the original convictions and sentences.   All three petitions were dismissed without prejudice because Petitioner failed to exhaust his state court remedies.   Petitioner was paroled on January 30, 2018.  *Bridges VI* (Compl., ECF No. 1, PageID.2).

Petitioner lasted less than a year on parole.   During November of 2018, Petitioner was bound over to the Ingham County Circuit Court on charges of resisting and obstructing a police officer and fourth-degree criminal sexual conduct.  *See* https://courts.ingham.org/CourtRecordSearch/search.do?court=Circuit&businessNa me=&lastName=Bridges&firstName=antonio&birthMonth=03&birthDay=30&birth

---

chronology of the events that prompted each of Petitioner's petitions.  The cases will be referenced herein as follows:

1. *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.) will be referenced as *Bridges I*;

2. *Bridges v. Harry*, No. 1:17-cv-287 (W.D. Mich.) will be referenced as *Bridges II*;

3. *Bridges v. Harry*, No. 1:17-cv-612 (W.D. Mich.) will be referenced as *Bridges III*;

4. *Bridges v. Michigan Parole Board*, No. 1:20-cv-612 (W.D. Mich.) will be referenced as *Bridges IV*;

5. *Bridges v. Rewerts*, No. 1:20-cv-1130 (W.D. Mich.) will be referenced as *Bridges V*.

Petitioner also filed a civil rights complaint relating to alleged constitutional violations in connection with the denial of parole, *Bridges v. Michigan Parole Board Members*, No. 1:20-cv-1138 (W.D. Mich.), which shall be referenced herein as *Bridges VI*.  And the habeas petition Petitioner filed last month, *Bridges v. Rewerts*, No. 1:21-cv-558 (W.D. Mich.), shall be referenced as *Bridges VII*.

Year=1973&plaintiff=Y&defendant=Y&civil=Y&traffic=Y (select and view Case Number 18-001000-FH). On June 6, 2019, those charges were dismissed and Petitioner pleaded guilty to attempted resisting and obstructing a police officer. *Id.* The court sentenced Petitioner to one day in the Ingham County Jail; but, based on that plea, on June 26, 2019, Petitioner's parole was revoked. *Bridges VI*, (Pet'r's Mem., ECF No. 12, PageID.68.) Since that time, Petitioner has been denied parole several times. Those denials form the basis for Petitioner's constitutional challenges in *Bridges IV*, *Bridges V*, and *Bridges VI*. Each case has been dismissed.

On June 28, 2021, Petitioner filed the habeas corpus petition in *Bridges VII*, raising one ground for relief, paraphrased as follows:

> The parole board violated Petitioner's due process rights by revoking parole based on parole violation charges that were dismissed. The parole board deprived Petitioner of his protected liberty interest to remain on parole without due process by denying him the opportunity to prove that he did not commit the dismissed violations.

*Bridges VII* (Pet., ECF No.1, PageID.3). Although Petitioner had previously attacked his convictions and multiple denials of parole, the *Bridges VII* petition was the first time he has attacked the constitutionality of the parole revocation proceedings. Thus, the *Bridges VII* petition was not second or successive to the petitions that preceded it. Petitioner had neither appealed the parole revocation nor pursued a habeas corpus petition to completion; thus, Petitioner had failed to exhaust his state court remedies. Petitioner asked the Court to consider and resolve the petition despite his failure to exhaust, but the Court declined, dismissing the petition without prejudice for Petitioner's failure to exhaust his state court remedies. *Bridges VII* (Op., ECF No. 8). Petitioner filed a notice of appeal of the dismissal and that appeal is presently

pending in the Sixth Circuit Court of Appeals.  *Bridges v. Rewerts*, No. 21-2794 (6th Cir.).

Almost immediately after filing his notice of appeal in *Bridges VII*, Petitioner commenced this action.  He filed a petition raising the same claims but bolstered his arguments regarding the futility of his state court remedies with additional facts. The facts were not based on intervening events; they were simply additional facts regarding events that preceded his petition in *Bridges VII*.  Specifically, Petitioner fixes a date to the filing of his habeas corpus petition in the Montcalm County Circuit Court—March 28, 2020—and reveals that he has also sought habeas corpus and/or mandamus relief in the Michigan Court of Appeals.  (Pet., ECF No. 1, PageID.3-4.) The Montcalm County Circuit Court, however, has no record of Petitioner's habeas corpus petition, *see* https://micourt.courts.michigan.gov/CaseSearch/Court/C08~2/Se arch?SearchText=antonio+bridges (visited August 11, 2021), and the Michigan Court of Appeals shows Petitioner's actions in that court as open and pending, *see* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?Search Type=2&PartyName=bridges+antonio&CourtType_PartyName=3&PageIndex=0&P artyOpenOnly=0 (visited August 11, 2021).  Thus, in the few days between the dismissal of *Bridges VII* and the filing of the instant petition, there have been no events that would alter the conclusions of the Court that led to the dismissal of *Bridges VII*.  Petitioner's state court remedies remain unexhausted and he has identified no circumstances that warrant foregoing the exhaustion requirement.

Although the instant petition is subsequent to the dismissal of the *Bridges VII* petition, it is neither second nor successive to that petition such that Petitioner would be required to obtain permission from the Sixth Circuit Court of Appeals before proceeding in this Court.  *See* 28 U.S.C. § 2244.  Because the *Bridges VII* dismissal was "without adjudication on the merits for failure to exhaust state remedies[, it] is not a 'second or successive' petition as that term is understood in the habeas corpus context."  *Slack v. McDaniel,* 529 U.S. 473, 478 (2000).  Nonetheless, the present petition is still wholly duplicative of the *Bridges VII* petition, which is still pending in the Sixth Circuit Court of Appeals, and "[f]ederal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation."  *Id.*

Parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants."  *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).  Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit.  *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan,  Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).  The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180,

6

183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although actions may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint, or in this case the petition. *See, e.g. Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial identity between the legal claims, factual allegations, temporal circumstances and relief sought in the present petition and the *Bridges VII* petition, the Court concludes that the present action is duplicative. Therefore, pursuant to the Court's inherent power, upon the review required by Rule 4, Rules Governing § 2254 Cases, this action will be dismissed on the grounds that it is duplicative and frivolous.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be

considered under the standards set forth by the Supreme Court in *Slack*, 529 U.S. at

473.  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined Petitioner's

claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant

of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong."

*Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists of reason

could conclude the issues presented are adequate to deserve encouragement to

proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this

standard, the Court may not conduct a full merits review, but must limit its

examination to a threshold inquiry into the underlying merit of Petitioner's claims.

*Id.*

The Court finds that reasonable jurists could not conclude that this Court's

dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will

deny Petitioner a certificate of appealability.  Moreover, for the same reasons that

the action is properly dismissed, I conclude that any issue Petitioner might raise on

appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Petitioner has also moved for release pending the Court's decision on his

petition.  In *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Court of Appeals

recognized that, in limited circumstances, a district court may grant bond pending a

decision on the merits of a habeas corpus petition.  The *Dotson* court indicated,

however, that the power to release petitioner on bond must be exercised sparingly

and only in the presence of exceptional circumstances.  *Dotson*, 900 F.2d at 79; *see*

*also Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).   Under *Dotson*, the prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson*, 900 F.2d at 79 (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)).   The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal.  *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice.

## <u>Conclusion</u>

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Date: August 27, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge